**YU XIN WEN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–4930 NAC.

United States Court of Appeals, Second Circuit.

Dec. 1, 2005.

Theodore N. Cox, New York, NY, for Petitioner.

Christopher J. Chrisite, United States Attorney for the District of New Jersey (John G. Silbermann, Assistant United States Attorney, on the brief) Newark, NJ, for Respondent.

PRESENT: WALKER, Chief Judge, CALABRESI, and POOLER, Circuit Judges.

### SUMMARY ORDER

Yu Xin Wen, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily affirmed the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the IJ's findings of fact, including credibility, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). Nonetheless, we will vacate findings that are based on flawed reasoning or erroneous legal standards. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

■ In this case, substantial evidence supports the IJ's adverse credibility determination. Some of the discrepancies the IJ cited—including the date discrepancy regarding when the officials first came to Wen's house, and the unexplained statement in the doctor's letter—are relatively minor and do not go to the heart of the asylum claim. Likewise, Wen's ability to obtain official documents does not undermine his claim that he fears government

persecution, especially when he did not obtain these documents himself. However, the other inconsistencies and implausibilities cited by the IJ are sufficient for this Court to uphold the IJ's finding.

Wen failed to submit a certificate confirming his wife's sterilization. He claimed he lost it, but did not explain why he could not obtain a copy. Given this document's importance in substantiating the central event in his asylum claim, the IJ properly drew an adverse inference from Wen's failure to produce it or adequately account for its absence. *See Zhou Yun Zhang*, 386 F.3d at 78.

Wen also failed to provide adequate explanations for the two implausibilities the IJ cited. He argued to this Court, but not to the IJ, that under local policy, it was not implausible for officials to force sterilization on couples who have reached the permitted number of children as well as those who have exceeded it. However, the 1998 State Department Report on the record, while not conclusive, denies that any such official policy exists in Fujian Province. Therefore, the IJ reasonably could have found Wen's claim that he was targeted for sterilization implausible. The IJ also could have found implausible Wen's narrative about why the officials did not sterilize his wife the first time they came to his house, and this Court may not hypothesize away the implausibilities itself. *See Zhou Yun Zhang*, 386 F.3d at 74.

Finally and most critically, the IJ was concerned with Wen's airport statements that he did not fear persecution and only came to the United States to find work. Wen cites two Third Circuit cases for the proposition that airport statements are not part of the asylum process and thus cannot be treated as evidence. *See Senathirajah v. INS*, 157 F.3d 210 (3d Cir.1998); *Balasubramanrim v. INS*, 143 F.3d 157 (3d Cir.1998). However, this proposition was not the holding in either case, nor is it the

law in this Circuit. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir.2004). To the contrary, an IJ may rely on airport statements in determining an applicant's credibility if the record of the interview indicates that it accurately represents the applicant's statements and was not conducted under coercive circumstances. *Id.* In this case, there is no record of Wen's airport statements, but given that he admitted to making them, their accuracy is not in dispute. Moreover, Wen does not claim that the interview was conducted under coercive circumstances. When, as here, the airport statements and later testimony present "materially different accounts" of the alleged persecution, and the inconsistencies go to the heart of the asylum claim, the alien's testimony can properly be considered incredible. *Id.* at 180–82.

■ Because the IJ properly found Wen's testimony incredible, he properly denied both asylum and withholding of removal. Wen argues that, nonetheless, he established eligibility for CAT relief. However, because he failed to raise this claim before the BIA, we do not have jurisdiction to address it. *See* 8 U.S.C. § 1252(d)(1); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir.2004).

■ Finally, Wen argues that the BIA abused its discretion by affirming the IJ without opinion, in violation of the regulations and his due process rights. Both the due process and abuse of discretion argument must fail, however. This Court has determined that the BIA's streamlining procedure does not, on its face, violate due process. *See Yu Sheng Zhang v. United States Dep't of Justice*, 362 F.3d 155, 156–59 (2d Cir.2004) (per curiam). Moreover, Wen has offered no explanation of how the BIA violated the regulations in his case. He simply cites 8 C.F.R.

§ 1003.1(e)(4)(i)(A)-(B), which provide the criteria for streamlining, then states that his case did not meet any of them. From the record, it is clear there was no error in the BIA's decision to streamline this case. The IJ's decision did not contain any material errors and the issues on appeal to the BIA were "not so substantial that the case warrant[ed] ... a written opinion." The case, thus, fit squarely within the criteria laid out in 8 C.F.R. § 1003.1(e)(4)(i)(A)-(B).

Substantial evidence supports the IJ's adverse credibility determination, and the BIA committed no error in affirming the IJ without opinion. For the foregoing reasons, the petition for review is DENIED, and Wen's motion for a stay of removal is DENIED.